## IN RE THE CANVASSERS' POWERS.

Under the seventh amendment to the Constitution of Rhode Island, the names of personal property voters who have not paid their taxes are to be omitted from the voting list of voters for city councilmen prepared for use at an election, but not from the list of voters for other civil officers, and not from the general list if the election is for both city councilmen and other civil officers.

In preparing the lists of voters for use at elections, canvassers are to see that the names of personal property owners who have not paid their taxes are omitted from the special list of voters for common councilmen, and are placed on the general list of voters for other civil officers.

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
PROVIDENCE, September 23, 1890.

*To the Honorable Judges of the Supreme Court: —*

I have the honor, in accordance with the provisions of section 3 of article 10 of the Constitution, to request your opinion on the following questions of law, namely: —

1. Under the provisions of article 7 of the amendments of the Constitution, is it lawful for the board of canvassers in any town or city, when canvassing the voting list within four days of the day of election of any civil officer other than a member of the city council, to strike from such list the names of personal property voters whose taxes are due but unpaid?

2. Is it lawful for the board of canvassers of any city, when canvassing the voting list within four days of the election of municipal officers, to transfer the name of any personal property voter whose tax is due but unpaid to the class of registry voters, thereby leaving him qualified to vote in the city election of all civil officers except in the election of the city council?

The above queries have been propounded by a member of our General Assembly, and I am informed that diverse practice has

obtained in different towns in this respect; and to correct the wrong and establish the right, I herewith respectfully submit these questions for your determination. In view of the approaching election, as early an answer as is consistently convenient is requested.                    JOHN W. DAVIS, *Governor.*

OPINION OF THE COURT.

*October* 4, 1890.

*To His Excellency John W. Davis, Governor of the State of Rhode Island and Providence Plantations:* —

We have received a communication from your Excellency, asking our opinion on the two following questions, viz.: —

*First.* Under the provisions of article 7 of the amendments of the Constitution, is it lawful for the board of canvassers in any town or city, when canvassing the voting list within four days of the day of election of any civil officer other than a member of the city council, to strike from such list the names of personal property voters whose taxes are due but unpaid?

*Second.* Is it lawful for the board of canvassers of any city, when canvassing the voting list within four days of the election of municipal officers, to transfer the name of any personal property voter whose tax is due but unpaid to the class of registry voters, thereby leaving him qualified to vote in the election of all civil officers except in the election of the city council?

Said seventh amendment reads as follows, to wit: —

" Every male citizen of the United States of the age of twenty-one years, who has had his residence and home in this State for two years, and in the town or city in which he may offer to vote six months next preceding the time of his voting, and whose name shall be registered in the town or city where he resides on or before the last day of December in the year next preceding the time of his voting, shall have a right to vote in the election of all civil officers, and on all questions in all legally organized town or ward meetings: *provided*, that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall, within the year next preceding, have

paid a tax assessed upon his property therein, valued at least at $134."

In answer to the two questions propounded, we declare our opinion to be as follows : —

*First.* It will be seen that for a voter to be qualified, under said amendment, to vote for city councilmen, or on a proposition to impose a tax, or for the expenditure of money, he must be qualified, in the first place, to vote on all other questions, and, in the second place, in addition thereto, must have paid a tax in the preceding year assessed on his property, valued at least at one hundred and thirty-four dollars. The voter who omits to pay the tax omits to qualify himself to vote on the questions mentioned in the proviso, but he does not forfeit any of his qualifications ; and therefore, being qualified to vote on all other questions, he has a right to vote on all other questions by the terms of said amendment. In other words, the proviso, under which the additional qualification to vote as there specified is required, is to be regarded as simply a limitation *pro tanto* of the general right, without further effect upon it. It follows that the names of personal property voters who have not paid their taxes are not, for that reason, to be omitted from the voting list prepared for use in the election of civil officers other than city councilmen ; and that, even when the election extends to the city councilmen, their names are not to be omitted from the general list if the election also extends to other civil officers, but only from the list of voters who are entitled to vote for city councilmen, thereby still leaving to them their right to vote for other civil officers. The statutes relating to the canvassing of the voting lists are, so far as we are advised, entirely consistent with this view.

*Second.* The scope of the second question is not perfectly unambiguous. The statute, Pub. Stat. R. I. cap. 8, § 3, requires the boards of canvassers to make two alphabetical lists. The first list is to include the names of all persons who are or may become qualified to vote generally. The second list is to include the names of all real estate voters, and also of all persons who have paid a tax assessed, as specified in the proviso, in the preceding year, on their property valued at one hundred and thirty-four dollars, or on whose property so valued *a tax has been assessed and not paid.* If the

question relates to these lists, we answer it in the negative, for evidently the second or specified list is intended to include the names, not only of personal property voters who have paid their property taxes, but also of those who have not, but may subsequently during the year for which the lists are made up pay them, thus qualifying themselves for the exercise of this special franchise for a later election, if any later election in which they can exercise it occurs. If, however, as we are more inclined to think, the question relates to the lists prepared by the canvassers for the elections as they occur from time to time, it is practically answered in the answer which we have given to the first question, namely, that in preparing such lists the canvassers should omit the name of any voter whose property tax is due and unpaid from the special list, and leave it only on the general list, or, if the name is not, as it ought to be, on the general list, transfer it to that list, " thereby leaving him qualified to vote in the election of all civil officers except city councilmen."

<div style="text-align:right">

THOMAS DURFEE.
CHARLES MATTESON.
JOHN H. STINESS.
P. E. TILLINGHAST.
GEORGE A. WILBUR.